# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

*United States of America v. Usugafono Palauni*
Case No. 3:20-cr-00003-TMB-MMS

By:             THE HONORABLE TIMOTHY M. BURGESS

PROCEEDINGS:    ORDER FROM CHAMBERS

Before the Court is Defendant Usugafono Palauni's Motion to Modify Judgment to Correct Clerical Error Pursuant to Federal Criminal Rule ("Rule") 36 (the "Motion").[1] Palauni asks the Court to amend the judgment by changing his 30-month sentence to 27 months. The Court **DENIES** the Motion for the reasons stated below.

On September 23, 2020, the Court sentenced Palauni to serve 30 months in custody.[2] Palauni argues this 30-month sentence was premised on the Court's mistaken belief that Palauni was in primary federal custody between January 27 and May 6, 2020.[3] This mistaken belief, Palauni argues, stemmed from the Presentence Investigation Report, which says Palauni was "transferred to federal custody" on January 27, 2020.[4] Palauni asserts that contrary to the parties and the Court's understanding at the time of his sentencing, he was in primary state custody from September 28, 2019, until May 6, 2020, at which point he was transferred to primary federal custody.[5]

Because Palauni was in primary state custody during this period, the Department of Corrections ("DOC") credited Palauni's time in custody between January 27 and May 6, 2020, toward his state sentence.[6] For this reason, the Bureau of Prisons ("BOP") has said it will not give Palauni credit for the same period when calculating his federal sentence.[7]

---

[1] Dkt. 50 (Motion).
[2] Dkt. 47 (Judgment).
[3] Dkt. 50 at 2.
[4] *Id.*
[5] *Id.*
[6] *Id.* ("[T]he DOC credited Palauni with time between January 27 and May 6, 2020, towards his revocation sentence. He did not begin ANY federal time or credit until May 6, 2020.").
[7] *Id.* at 2–3 ("Mr. Palauni and the undersigned have been informed that the BOP's classification and designation office in Grand Prairie, Texas, will not be giving Mr. Palauni credit for time spent in custody after appearing in this matter **between January 27, 2020, and May 6, 2020**.") (emphasis in original).

1

In light of the BOP's position, Palauni asks the Court to "provide him with credit for [the] period" between January 27 and May 6 by reducing his 30-month sentence to 27 months.[8] To justify this request, he argues the Court contemplated Palauni serving a 30-month sentence inclusive of the time between January 27 and May 6, 2020.[9] Put another way, Palauni argues the Court would have sentenced him to 27 months had it understood he would receive credit for this period toward his state, not federal, sentence. Palauni argues the 30-month sentence therefore constitutes a "clerical error" correctable under Rule 36, which permits the court to "correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission."[10]

The Court **DENIES** the Motion because Palauni's 30-month sentence was not a clerical error. Palauni misinterprets the Court's intent. Palauni reports he has received credit for the period between January 27 and May 6, albeit toward his state, not federal, sentence. This fact, even if known to the Court at the time of his sentencing, would not have impacted Palauni's sentence. The statute governing how federal sentences are calculated prohibits BOP from awarding a defendant custody credit that has already "been credited against another sentence."[11] The Court did not intend to circumvent this provision when sentencing Palauni and will not do so now.

Entered at the direction of the Honorable Timothy M. Burgess, United States District Judge.

DATE: March 25, 2022.

---

[8] *Id.* at 3 ("Mr. Palauni requests that this Court provide him with credit for that period and effectively reduce his term of custody by three months, by way of an amended judgment correcting the sentence.").
[9] *Id.*
[10] *Id.* (quoting Fed. R. Crim P. 36).
[11] 18 U.S.C. § 3585(b).